IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**GARY CUNNINGHAM,**

                **Plaintiff,**

    v.                                         CASE NO. 11-3187-SAC

**SAM NIEMCZYK, et al.,**

                **Defendants.**


**O R D E R**

    This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, submitted pro se by a prisoner confined in a Kansas county detention center. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Plaintiff alleges his confinement is illegal, and seeks his release with dismissal of all charges. More specifically, he appears to be challenging the validity of a 2011 warrant served on him for noncompliance with the Kansas Offender Registration Act, and argues the state registration requirement did not apply to him while he was incarcerated. Plaintiff contends the warrant is thereby illegal under state law, and any criminal charge arising from the warrant should be dismissed.

    Having reviewed the nature of these allegations, the court finds that absent objection, this action will be liberally construed as seeking pretrial relief in the nature of habeas corpus. Plaintiff's motion for leave to proceed in forma pauperis is provisionally granted, subject to this action proceeding in habeas

corpus seeking relief under 28 U.S.C. § 2241.[1]

Section 2241 is the appropriate vehicle for challenging the constitutionality of pretrial detention. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir.2007). However, absent unusual and extraordinary circumstances a federal court is not permitted to intervene in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* and its progeny, federal courts should not interrupt ongoing state proceedings when adequate state relief is available. *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001)

The court finds abstention is required in the present case where there is an ongoing state criminal proceeding, the state courts provide an adequate forum to hear plaintiff's allegations of error,[2] and plaintiff makes no showing of extraordinary circumstances warranting the federal court's intervention. *See*

---

[1] If plaintiff objects and insists on proceeding in civil rights under 42 U.S.C. § 1983, then plaintiff will be subject to the filing fee provisions imposed by the Prison Litigation Reform Act (PLRA) in 1996 on prisoners seeking relief in federal court. Section 1915 as amended by the PLRA obligates a prisoner to pay the full $350.00 district court filing fee by payment of an initial partial filing fee assessed by the court pursuant to § 1915(b)(1), and then by automatic payments from plaintiff's prisoner account as authorized by § 1915(b)(2) until the full filing fee obligation has been satisfied. Habeas corpus actions filed in federal court are not subject to these PLRA fee provisions. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997).

[2] Notably, to seek federal habeas corpus relief, a state prisoner must first exhaust state court remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000). There is nothing to suggest that plaintiff has done so in this case.
    Plaintiff is further advised that the United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief "does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

*Walck*, 472 F.3d at 1232-33 (setting forth requirements and exceptions regarding *Younger* abstention); *Weitzel*, 240 F.3d at 876 (finding no showing of extraordinary circumstances involving irreparable injury).

The court thus grants plaintiff twenty (20) days from the date of this order to object to this action proceeding in habeas corpus, and to show cause why this action as so construed should not be dismissed without prejudice. The failure to file a timely response will result in plaintiff's request for relief under § 2241 being dismissed without prejudice and without further prior notice.

IT IS THEREFORE ORDERED that absent objection by plaintiff within twenty (20) days, this action is construed by the court as seeking relief under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to this action proceeding in habeas corpus.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this habeas action should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 20th day of December 2011 at Topeka, Kansas.

                                              s/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge